IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2003

## STATE OF TENNESSEE v. MARTIN TODD FELTS, Alias MARTY FELTS

**Direct Appeal from the Circuit Court for Dickson County**
No. CR3624    Robert E. Burch, Judge

No. M2002-02659-CCA-R3-CD - Filed October 3, 2003

The defendant appeals the revocation of his probation contending that the trial court abused its discretion. We hold that the record contains substantial evidence to support the trial court's conclusion that a violation had occurred, and there was no abuse of discretion. Accordingly, we affirm the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Judson W. Phillips, Nashville, Tennessee, for the appellant, Martin Todd Felts.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 22, 1998, the defendant, Martin Todd Felts, pleaded guilty to two counts of forgery. The trial court sentenced the defendant to two years for each count, to be served concurrently. The sentences were suspended, and the defendant was ordered to serve two years on probation and pay restitution in the amount of $1025. On March 31, 1999, the trial court revoked the defendant's probation and ordered him to appear at a sentencing hearing on July 28, 1999. At the sentencing hearing, the trial court extended the defendant's probation by one year. Additionally, the trial court ordered that the defendant be released from probation on January 16, 2000, if the fines, costs, and restitution were paid in full by that time. However, the defendant's probation was revoked again on July 28, 2000, and he was ordered to serve his sentence. Apparently, after reaching his release eligibility date, the defendant was placed back on probation pursuant to Tennessee Code Annotated section 40-35-501(a)(3). On September 25, 2002, the trial court found the defendant in violation of his probation and again ordered him to serve his sentence in the Tennessee Department

of Correction. The defendant now appeals and contends that the trial court abused its discretion by ordering the defendant to serve his sentence in spite of mitigation evidence presented at the hearing.

## Facts

At the probation revocation hearing on September 25, 2002, the defendant admitted that he had violated his probation. He admitted that he had not paid the fines, costs, and restitution as ordered. He stated that his reason for not paying was that he had "a big family and a lot of bills to pay." He testified that he had worked at a construction job in Florida since March of 2002, making approximately $600 per week. The defendant testified that he could pay the money in about two weeks if given a chance.

The defendant also admitted that he did not report to his probation officer in December of 2001 and January of 2002. He stated that he did not report because he had polyscystic kidney disease. He testified that he did not contact his probation officer, although he was at home in Tennessee during that time. The trial court reminded the defendant that he was told at sentencing that he must call his probation officer if he was unable to report. The defendant stated that he did not remember those instructions. He testified that he received a letter instructing him to report and that he thought he was in violation at the time. The trial court revoked the defendant's probation and ordered him to serve the remainder of his sentence in the Tennessee Department of Correction.

## Analysis

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The defendant asserts in his brief that the trial court's revocation of his probation, regardless of mitigation, was an abuse of discretion. However, he cites no authority for this proposition. The trial court heard the defendant's mitigation evidence that he had been sick and "had a lot of bills to pay" and concluded that his probation should be revoked. The defendant has offered no evidence as to how he intended to pay the fines, costs, and restitution within two weeks, when he had not been able to pay it in the previous four years. There is no dispute that the defendant violated his probation. He admitted it at the revocation hearing. He admitted that he had not paid the fines,

costs, and restitution as ordered. He admitted that he did not report to his probation officer as ordered. There is no evidence that the trial court acted arbitrarily in making its decision. The trial court heard the defendant's explanation and determined that his probation should be revoked. The trial court did not abuse its discretion. Therefore, the judgments are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE